NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2991

_____

RAMONA DIXON; ROMELLE THOMPSON;
CAROLYN JEFFERS; VALERIE WEAVER;
JOHN TWYMAN; JANINE HOWIE,
all as Members of the First Baptist Church of Fairview,

Appellants

v.

ERIC WASHINGTON, Individually and in his Official Fiduciary Capacity
as Trustee of the First Baptist Church of Fairview;
REV. KOREY V. GRICE, Individually and in his Official Fiduciary Capacity
as Pastor and Executive Officer of the First Baptist Church of Fairview;
JOSEPH HOLLMAN, Individually and in his Official Fiduciary Capacity
as a Deacon of the First Baptist Church of Fairview

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cv-02838)
District Judge: Honorable Michael M. Baylson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 7, 2020

Before: McKEE, BIBAS, and FUENTES, *Circuit Judges*

(Filed: September 2, 2020)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge.*

Just because a church plans to give out benefits does not mean it has a church benefit plan under ERISA. In any event, First Baptist Church's congregants are not its employees and lack standing to bring these ERISA claims. So we will affirm.

On this appeal from the District Court's dismissal, we take the complaint's allegations as true: Members of the church's congregation sued its former pastor Rev. Korey Grice, trustee Eric Washington, and deacon Joseph Hollman. After the church got a government grant to repair flood damage, these church officials took some of the money or let it be taken. Rev. Grice also stole money from a church scholarship fund set up for its high-school seniors and used a church ATM card for his own expenses, and Washington and Hollman let him do so.

The congregants sued the church officials in federal court. At first, they brought many claims, including breaches of fiduciary duty under ERISA, 29 U.S.C. § 1109. The District Court dismissed all of them, but let the congregants amend their ERISA claims. *Dixon v. Washington*, No. 18-2838, 2018 WL 5046033, at *4 (E.D. Pa. Oct. 17, 2018). They tried twice to fix their deficient claims, but at last the District Court dismissed the remaining ERISA claims with prejudice for failure to state a claim. *Id.* The congregants now appeal. We review de novo. *Leuthner v. Blue Cross & Blue Shield of Ne. Pa.*, 454 F.3d 120, 124 (3d Cir. 2006).

ERISA governs only "employee benefit plan[s]." 29 U.S.C. § 1003(a). Plan participants or beneficiaries may bring civil actions to enforce an ERISA plan or to get relief for any violations. *Id.* § 1132(a)(1), (a)(3). The District Court rightly found that (1) there was no

2

employee benefit plan, and (2) the church members were neither plan participants nor beneficiaries and so lacked statutory standing. Either ground suffices to hold that the congregants cannot bring ERISA claims for breach of fiduciary duty.

Though scholarship funds can qualify as ERISA plans, this one does not. ERISA is short for the Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, 88 Stat. 829. As the name implies, it imposes safeguards on employers' plans to protect their employees and their families. Under ERISA, an employee benefit plan must be set up or maintained by an employer (or employee organization) for its employees or former employees (and their beneficiaries). 29 U.S.C. § 1002(1)–(3), (7), (8). But the high-school seniors who were to get scholarships are none of those things.

For the same reasons, the church's charitable programs for its members and the wider community are not ERISA church plans. A church plan is simply an employee benefit plan that is set up or maintained by a church for its employees. 29 U.S.C. § 1002(33). A church's members and the wider community are not employees of the church. Because there is no *employee* benefit plan, there is no church plan to give rise to duties under ERISA.

What is more, only "a participant or beneficiary" or a fiduciary (or the Secretary of Labor) has statutory standing under ERISA to sue to recover benefits or enforce rights under a plan. 29 U.S.C. § 1132(a)(1)–(3). But as noted, congregants are not employees, former employees, or their beneficiaries. And no one claims that they are plan fiduciaries. So they lack statutory standing to bring ERISA claims.

The congregants try to create standing by noting that they choose the church's pastor and so count as employers of Rev. Grice. Employers, they note, can also be participants or

3

beneficiaries with ERISA standing. True, a working owner of a business can be both the employer and an ERISA plan participant, but only if the plan covers an employee too. *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 6, 16 (2004). Here, however, the only possible plan (the scholarship program) is not for employees, but for church members. Since there is no benefit plan for employees, the congregants cannot have standing as employers.

* * * * *

The church officials allegedly misused church funds for their own benefit. That may be a crime or tort under state law. But any alleged wrongdoing had nothing to do with an ERISA employee benefit plan. Even if there were such a plan, the congregants would be the wrong people to sue. So we will affirm the District Court's dismissal.